# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rex Toney,**
**Defendant Below, Petitioner**

**vs) No. 16-0440** (Kanawha County 15-C-1474)

**West Virginia Consolidated Public Retirement Board,**
**Plaintiff Below, Respondent**

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rex Toney, by counsel Mark Hobbs, appeals the Circuit Court of Kanawha County's March 30, 2016, order affirming the West Virginia Consolidated Public Retirement Board's ("The Board") decision to terminate petitioner's retirement benefits. The Board, by counsel J. Jeaneen Legato, filed a response in support of the circuit court's order. On appeal, petitioner argues that: (1) the circuit court abused its discretion by denying him his retirement benefits because they vested before his criminal conviction; (2) West Virginia Code § 5-10A-2 provides for a disproportionate penalty and cruel and unusual punishment; (3) West Virginia Code § 5-10A-2 violates the equal protection clause; and (4) principles of equity.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, petitioner, a school bus driver, pled guilty to the first-degree sexual abuse of a student in the Circuit Court of Lincoln County. Subsequently, in May of 2014, petitioner was sentenced to a term of thirty-six months of probation and a period of fifty years of supervised release. In May of 2015, the Board held a meeting and voted to terminate petitioner's retirement benefits and membership in the West Virginia Teacher's Retirement System ("Retirement System") for rendering less than honorable service.[1] The Board sent written notice to petitioner informing him that the Board voted to terminate his retirement benefits because he rendered less than honorable service. The Board's vote to terminate petitioner's retirement benefits was based on his first-degree sexual abuse conviction. In a June of 2015 letter to the

---

[1]The Board is the statutory administrator of various West Virginia public pension systems, including the West Virginia Teacher's Retirement System.

1

Board, petitioner requested a judicial determination regarding the Board's decision that he rendered less than honorable service.

In August of 2015, the Board filed a petition with the Circuit Court of Kanawha County seeking a judicial determination as to whether petitioner rendered less than honorable service based upon his first-degree sexual abuse conviction. By final order entered on March 30, 2016, the circuit court affirmed the Board's decision to terminate petitioner's retirement benefits and membership in the Retirement System for rendering less than honorable service. It is from this order that petitioner now appeals.

We have previously held that "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). We have also held that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *W.Va. Consl. Pub. Ret. Bd. v. Weaver*, 222 W.Va. 668, 671 S.E.2d 673 (2008).[2]

Petitioner first argues that the circuit court abused its discretion in affirming the Board's denial of his retirement benefits. Petitioner contends that West Virginia Code §§ 5-10A-1 through 5-10A-10 unconstitutionally impair his contractual rights. As such, he contends that only a portion of his pension should be terminated because the less than honorable service "did not occur until years after his pension had vested." Specifically, petitioner argues that his pension was already vested on the date of his criminal conviction and, thus, "any such contact or activity that occurred thereafter cannot be used to defeat" the vested portion of his pension. We disagree.

The parties to the instant proceeding do not dispute that petitioner rendered less than honorable service; rather, the parties disagree as to what portion of his pension should be terminated as a result. West Virginia Code § 5-10A-9 provides, in relevant, part, that the

> right to receive any benefit under a retirement plan, which right shall vest on or after the effective date of this article, is hereby conditioned upon the full compliance and observance of the provisions hereof and the rendering of honorable service throughout the service in public employment . . . in respect of which such benefit is payable.

Regarding honorable service, we have previously stated that "a public employee's service must be honorable at all times and if not, there is a total forfeiture of the public pension." Syl. Pt. 1, in part, *West Va. Pub. Employees Ret. Sys. v. Dodd,* 183 W.Va. 544, 396 S.E.2d 725 (1990).

We previously addressed the constitutionality of the statute in question and the issue of contract impairment in *Booth v. Sims*, 193 W.Va. 323, 456 S.E.2d 167 (1994). In *Booth*,

---

[2]Also, pursuant to West Virginia Code § 5-10A-4(c), "[a] determination of the circuit court shall be a final order which may be appealed to the Supreme Court of Appeals in the same manner as decisions in other civil actions."

petitioner, a sheriff, argued that he should receive at least a portion of his pension for the services he rendered before violating the law and that the 1976 enactments of West Virginia Code §§ 5-10A-1 through 5-10A-10 unconstitutionally impaired his pension rights under his employment contract. We held that petitioner's contract was not impaired because "the implicit condition of honorable service at all times was never satisfied and, therefore, his contract rights to the pension never fully vested." *Id.* at 334, 456 S.E.2d at 178. This Court also specifically held that

> [i]f an employee engages in misconduct during his or her public service, he or she may forfeit rights to collect a pension later. Insofar as *West Virginia Public Employees Retirement System v. Dodd,* 183 W.Va. 544, 396 S.E.2d 725 (1990) holds that an employee's misconduct results in a forfeiture of the entire pension, it is still good law because the requirement of honorable service has been established in advance and has been made an explicit part of the entire bargain.

Syl. Pt. 9, *Booth*, 193 W.Va. at 326, 456 S.E.2d at 170. In this case, even though petitioner worked for many years before he was convicted of first-degree sexual abuse, his retirement benefits never vested because he failed to perform honorably during his public service throughout his employment as a school bus driver, as required by West Virginia Code § 5-10A-9. Thus, the Board and the circuit court were correct in terminating petitioner's retirement benefits and membership in the Retirement System for rendering less than honorable service.

Petitioner next argues that West Virginia Code § 5-10A-2 provides for a disproportionate penalty and cruel and unusual punishment. Petitioner claims that the statute is unconstitutional because it disproportionately results in a complete forfeiture of his retirement benefits despite the vast majority of "honorable" service rendered.[3] We have previously addressed the constitutionality of the statute in question and the issue of cruel and unusual punishment. In *Dodd*, we specifically held that

> [t]he Act on the "Disqualification for Public Retirement Plan Benefits," [West Virginia Code], 5-10A-1 to 5-10A-10 [1976], is not unconstitutional as cruel and unusual, or disproportionate, punishment (*W.Va. Const.* art. III, § 5), as a bill of attainder or bill of pain and penalties or an *ex post facto* law (*W.Va. Const.* art. III, § 4), as an impairment of contract (*W.Va. Const.* art. III, § 4), as a deprivation of property without due process of law (*W.Va. Const.* art. III, § 10) or as a forfeiture of estate (*W.Va. Const.* art. III, § 18). 183 W.Va. 544, 396 S.E.2d 725 (1990).

183 W.Va. 546, 396 S.E.2d at 727, Syl. Pt. 2.

We begin by noting, as we did in *Dodd*, that "the pensioner's rights vest only when all the conditions entitling them thereto have been fulfilled." *Id.* at 551, 396 S.E.2d at 732. As such, the forfeiture that petitioner complains of is a future expectation of retirement benefits. As

---

[3]According to the record, upon the termination of petitioner's retirement benefits, he was refunded his contributions "less any outstanding loans, [and] any benefits previously received . . . ."

previously stated, his retirement benefits never vested because he failed to perform honorably throughout his employment as a school bus driver as required. Further, we have recognized that even though the forfeiture of retirement benefits

> is penal in nature, we are not inclined . . . to hold that a total forfeiture . . . is unconstitutionally disproportionate, especially where . . . the forfeiture is triggered by a felony conviction for conduct which constitutes a fundamental breach of the public trust . . . .

*Id*. at 551, 396 S.E.2d at 732. This is especially true in this case, where petitioner used his position as a school bus driver to sexually abuse a student he transported to and from school. Thus, as previously stated, West Virginia Code § 5-10A-2 is not unconstitutional as cruel and unusual punishment, nor is the penalty disproportionate.

Petitioner argues that West Virginia Code § 5-10A-2 violates equal protection principles and contends that his constitutional rights were violated because "similarly situated" persons who commit misdemeanors do not have their retirement benefits terminated. The right of equal protection is expressly stated in the United States Constitution. The Fourteenth Amendment to the United States Constitution states that "[n]o state shall . . . deny to any *person* within its jurisdiction the equal protection of the laws." (emphasis added). Although the right of equal protection is not expressly stated in the West Virginia Constitution, this Court has found that equal protection likewise exists on a state level and derives from Article III, § 10 of the West Virginia Constitution:

> Equal protection of the law is guaranteed by Article III, Section 10 of our state constitution, which provides: "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." *See* Syllabus Point 4, *Israel v. West Virginia Secondary Sch. Activities Comm'n,* 182 W.Va. 454, 388 S.E.2d 480 (1989).

*O'Dell v. Town of Gauley Bridge,* 188 W.Va. 596, 601, 425 S.E.2d 551, 556 (1992). As to instances giving rise to equal protection scrutiny, in Syllabus Point 2 of *Israel v. West Virginia Secondary School Activities Commission,* 182 W.Va. 454, 388 S.E.2d 480 (1989), this Court held that "[e]qual protection of the law is implicated when a classification treats similarly situated persons in a disadvantageous manner." Further, "[t]he Constitution does not require things which are different in fact . . . to be treated in law as though they were the same." *Frasher v. W.Va. Bd. of Law Examiners*, 185 W.Va. 725, 729, 408 S.E.2d 675, 679 (1991) (quoting *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 882 (1940)).

We find petitioner's claim that West Virginia Code § 5-10A-2 violates equal protection principle to be without merit. Petitioner, who committed a felony, is not similarly situated to individuals who commit misdemeanors. Pursuant to West Virginia Code § 5-10A-2(f)(2), "less than honorable service" means the "[c]onviction of a participant or former participant of a felony for conduct related to his or her office or employment which he or she committed while holding the office or during the employment." The statute treats all individuals who commit felonies

4

related to their employment in the same manner. Therefore, we find that West Virginia Code § 5-10A-2 is not unconstitutional on equal protection grounds.

As for petitioner's final argument that some doctrine or principle of equity supports his position and applies to this case, we find that he wholly fails to address this issue in his brief before this Court. We have previously stated that, "'[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs.'" *State Dept. of Health and Human Res. v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)). Furthermore, this Court adheres to the rule that "[a]lthough we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). Therefore, we will not consider this issue further. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the circuit court's decision to terminate petitioner's retirement benefits, and its March 30, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 9, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker